UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK T. GARNER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:09-cv-739-LJM-TAB |
| ) | IP05-cr-0194-01-M/F |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

Frederick T. Garner ("Garner") was convicted in No. IP 05-194-CR-01-M/F, of gun and drug charges. *See United States v. Garner*, 281 Fed. Appx. 571 (7th Cir. 2008) (unpublished disposition). He challenges that conviction and sentence pursuant to 28 U.S.C. § 2255.

**I.   Background**

On December 6, 2005, Garner was charged with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); distribution of in excess of fifty grams of cocaine base (mixture), in violation of 21 U.S.C. § 841(a)(1) (count 2); possession with intent to distribute in excess of five hundred grams of cocaine (mixture), in violation of 21 U.S.C. § 841(a)(1) (count 3); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 4); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 5).

On December 12, 2005, the United States filed an Information pursuant to 21 U.S.C. § 851

alleging that Garner had a prior felony drug conviction. The Information stated: "On or about February 11, 1999, in the Marion County Superior Court, Frederick T. Garner, defendant, was duly convicted of felony possession of cocaine, Case Number 49-G20-9409-CF-116172, a felony relating to narcotic drugs under the laws of the State of Indiana." The conviction identified in the § 851 Information is referred to hereafter as the "state court conviction."

On February 26, 2007, after a trial by jury, Garner was found guilty of all five counts of the Indictment. The Court sentenced Garner to a term of imprisonment of 322 months to be followed by eight years of supervised release. Judgment was entered on the Court's docket on June 4, 2007.

Counsel for Garner filed a timely notice of appeal on his behalf.  However, finding no non-frivolous issues to appeal, Garner's counsel submitted an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as Garner's counsel. Garner disagreed with his counsel's assessment of the merits of the appeal and submitted contentions pursuant to Cir. R. 51(b). *See Garner*, 281 Fed. Appx. at 572. The Seventh Circuit found that no non-frivolous issues were apparent and granted Garner's counsel's motion to withdraw. *Id.* at 574-76. The Seventh Circuit then dismissed Garner's appeal as frivolous. *Id.*

This motion for relief pursuant to § 2255 followed on June 15, 2009. While the action was pending, Garner was permitted to amend his motion to include two additional arguments. Each of his arguments will be discussed below.

## II. Discussion

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

In his motion and the amendment to it, Garner asserts: (1) various sentencing errors, including that he is entitled to be resentenced because the state court conviction has since been vacated; (2) his counsel was ineffective for failing to object to the use at trial and in the pre-sentencing report of statements he made during plea negotiations, and (3) that his convictions for being a felon in possession of a firearm and for possession of a firearm during a drug trafficking offense violated his right to be free from double jeopardy.

### A. Underlying State Court Conviction

Garner was convicted of three counts relating to possession and distribution of cocaine and cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and 846), and two counts related to possession of a firearm (in violation of 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1)). Based on the filing of the Information under 21 U.S.C. § 851(a), stating that he has a previous conviction for a drug felony, Garner was subject to a mandatory minimum 20 year sentence and was sentenced to a term of imprisonment of 322 months. In his amended § 2255 motion, Garner asserts that he is entitled to be resentenced because the state court conviction has since been vacated.

The United States argues that Garner's claim is time-barred because it does not relate back to his original § 2255 motion as required by Rule 15 of the *Federal Rules of Civil Procedure* for amended pleadings. But Garner did assert in his original motion that his counsel was ineffective

for failing to investigate his prior criminal conviction. In his supporting Memorandum, Garner alleged trial counsel failed to investigate case number: 49G02-9409-CF-116172. Although this number contains a scrivener's error (the actual number is 49G20-4909-CF-116172), the facts alleged in the memorandum make it clear that the conviction Garner is referring to is the same conviction alleged as a part of his amended motion under § 2255 and arguing that his counsel should have investigated whether that conviction was valid. Garner's amended motion is based upon the same core facts advanced in the original, a disputed state court conviction and its impact upon his federal sentence. This is sufficient to satisfy the relation-back requirements of Rule 15 and the Court will therefore consider Garner's argument.

The Supreme Court has not addressed whether a defendant, like Garner, whose sentence has been enhanced pursuant to 21 U.S.C. § 851 based on a state court conviction for a drug felony has a right to collaterally attack his sentence if that state court conviction is later vacated. But the Court has stated that if a defendant's sentence is enhanced pursuant to the Armed Career Criminal Act based on prior felonies which are later vacated, the defendant "may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994); *see also Daniels v. United States*, 532 U.S. 374, 382 (2001) ("If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence."). This Court discerns no reason for a different result here. Garner's sentence was enhanced based on a previous state court conviction which was later vacated. He is therefore entitled to the reopening of his federal sentence.

Because Garner is entitled to be resentenced based on the vacatur of his previous state court conviction, his other challenges to his sentence – that his criminal history score was miscalculated

and that his due process rights were violated by the application of the 100 to 1 crack cocaine to powder cocaine ratio in the calculation of the amount of drugs attributable to him – will not be addressed at this time.

### B. Ineffective assistance of Counsel

In the amended motion, Garner argues that his trial counsel was ineffective for failing to object to the introduction at trial of information that came directly from plea negotiations, failed to object to its inclusion in the presentencing report, and failed to object to the court's use of that information at sentencing. There is no evidence or argument that this claim could not have been brought in the original § 2255 motion or that it relates back to that motion in any way. Accordingly, this argument is rejected as untimely. *See Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002).

### C. Double Jeopardy

Finally, Garner asserts that his convictions in this case for both possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)) and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) constitute double jeopardy.

"The double jeopardy clause protects a defendant against 'multiple punishments for the same offense.'" *United States v. Garrett*, 903 F.2d 1105, 1114 (7th Cir. 1990) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). But courts addressing convictions under these two statutes have held that "[b]ecause [18 U.S.C.] § 924(c) requires possession of a firearm 'in furtherance of' a drug trafficking crime, not just mere possession, and a violation of [18 U.S.C.] § 922(g) requires the defendant to be a previously convicted felon, punishment for a violation of both offenses does not violate the Double Jeopardy Clause." *United States v. Williams*, 172

Fed.Appx. 7, 8 (4th Cir. 2006) (*citing United States v. Johnson*, 977 F.2d 1360, 1375 (10th Cir. 1992)). In *Garrett*, the Seventh Circuit rejected the assertion "that the consecutive sentences imposed on [the defendant] for convictions under both 18 U.S.C. §§ 922(g) and 924(c) violate the double jeopardy clause of the fifth amendment" and held that "Congress expressly authorized cumulative punishments" in such cases. 903 F.2d at 1113-15. Garner's argument that his convictions constitute double jeopardy therefore fails.

Garner also argues that there is no evidence that he carried a weapon and thus no factual basis was established for the firearms charge under 18 U.S.C. § 924(c). But the Seventh Circuit already rejected such an argument in Garner's direct appeal. In considering whether a sufficiency of the evidence argument could be made in Garner's direct appeal, that court explained "[g]iven our deference to the jury's verdict and the considerable evidence in this case, we agree with counsel's conclusion that it would be frivolous for Garner to try to prevail on this potential issue." *Garner*, 281 F. App'x at 575. This argument therefore will not be considered further here. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995) ("Although *res judicata* does not apply in § 2255 proceedings, 'the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in a prior § 2255 proceeding.'").

### III. Conclusion

The foregoing shows that Garner is entitled to relief pursuant to 28 U.S.C. § 2255 in the form of a new sentencing hearing. The amended motion for relief pursuant to § 2255 [dkt 37] is therefore **granted**. The sentence in the underlying criminal action shall be **vacated**.

Judgment consistent with this Entry shall now issue.

The **clerk shall** enter this Entry on the docket in the underlying criminal action, No. IP 05-cr-0194-01-M/F.

**IT IS SO ORDERED**.

Date: 08/15/2013

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel